**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| LIBERTY INSURANCE UNDERWRITERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:16CV1377 |
| BEAUFURN, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Compel Deposition Testimony and Motion for Sanctions (Docket Entry 94).[1] Because Defendant's counsel did not (and could not) certify that he (A) engaged in good-faith, pre-filing consultation with Plaintiff's counsel, and/or (B) diligently tried to resolve this

---

[1] Generally, "motions to compel discovery" under the Federal Rules of Civil Procedure (the "Rules") constitute "[n]ondispositive matters [which] may be referred to a magistrate judge [for rulings] without the parties' consent." Mvuri v. American Airlines, Inc., 776 F. App'x 810, 810-11 (4th Cir. 2019) (citing Fed. R. Civ. P. 72(a)), cert. denied, ___ U.S. ___, 140 S. Ct. 1227 (2020). Similarly, as a general proposition, "[an] order disposing of [a] Rule 37 motion for sanctions is undoubtedly a nondispositive matter [for purposes of] Rule 72." Kebe ex rel. K.J. v. Brown, 91 F. App'x 823, 827 (4th Cir. 2004). However, because the instant Motion seeks (as one alternative form of relief) "an order dismissing [Plaintiff's] claim for equitable subrogation" (Docket Entry 94 at 4), the undersigned Magistrate Judge will enter a recommendation in this instance, see Fed. R. Civ. P. 72(b)(1) (mandating that, "when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim," a "magistrate judge must enter a recommended disposition").

discovery dispute without litigation, the Court should deny the instant Motion pursuant to Local Rule 37.1(a).

INTRODUCTION

Defendant brought the instant Motion (at least nominally) "pursuant to Rule 37(a)(3)(B)(iv)" (id. at 1),[2] to secure either:

1) an order directing Plaintiff "to provide full and complete responses to questions posed during [Defendant's] deposition of [Plaintiff] to which [Plaintiff's] counsel instructed [Plaintiff's] designee not to respond or answer" (id.; see also id. at 4 ("request[ing that] this Court enter an order compelling [Plaintiff] to attend another [Rule] 30(b)(6) deposition, to compensate [Defendant] for the time and expense of both the first deposition and any further depositions ordered by this Court, and to respond in full to all questions regarding [] topics [pertaining

---

2 The provision of the Rules cited by Defendant permits motions to compel when "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Given that the instant Motion seeks to compel oral deposition testimony (see Docket Entry 94 at 1), Defendant likely intended to invoke the provision of the Rules permitting motions to compel when "a deponent fails to answer a question asked under Rule 30," Fed. R. Civ. P. 37(a)(3)(B)(i); see also Fed. R. Civ. P. 30 (providing for "Depositions by Oral Examination" (bold omitted)). The instant Motion does not identify the basis for its sanctions request (see Docket Entry 94 at 1-4), but the accompanying Memorandum in Support grounds that request on Rule 30, which (as quoted by Defendant) authorizes "'impos[ition of] an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent'" (Docket Entry 95 at 20 (quoting Fed. R. Civ. P. 30(d)(2))).

2

to Plaintiff's involvement in the underlying action], regardless of any claimed privilege or protection")); or

2) "[i]n the alternative, . . . an order prohibiting [Plaintiff] from introducing at trial any evidence regarding [] topics [pertaining to Plaintiff's involvement in the underlying action] as a sanction for the intentional refusal to conduct discovery on those topics and for the untimely objection to deposition questions regarding those topics; or . . . an order dismissing [Plaintiff's] claim for equitable subrogation for lack of evidence" (id. at 4).

Plaintiff has responded that, inter alia, the Court should deny the instant Motion under the terms of Local Rule 37.1(a). (See Docket Entry 97 at 4-5.) That Local Rule states:

> The Court will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord. The certificate shall set forth the date of the conference, the names of the participating attorneys, and the specific results achieved. It shall be the responsibility of counsel for the movant to arrange for the conference and, in the absence of an agreement to the contrary, the conference shall be held in the office of the attorney nearest the court location where the initial pretrial conference was convened or, in the absence thereof, nearest to Greensboro. Alternatively, at any party's request, the conference may be held by telephone.

M.D.N.C. LR 37.1(a) (emphasis added); see also Fed. R. Civ. P. 37(a)(1) (requiring that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer

with the . . . party failing to make . . . discovery in an effort to obtain it without court action").

Neither the instant Motion nor the accompanying Memorandum of Law in Support certifies "that after personal consultation and diligent attempts to resolve differences the parties [we]re unable to reach an accord," M.D.N.C. LR 37.1(a). (See Docket Entries 94, 95.) Per Plaintiff, "Defendant's moving papers include no such certification as Defendant did not seek to arrange the required conference." (Docket Entry 97 at 5.) As a result, Plaintiff's Response contends "the Court should not consider [the instant M]otion." (Id.) Defendant has replied to that contention thusly:

> During the [Rule] 30(b)(6) deposition of [Plaintiff], counsel for both parties stated their positions, both parties made their arguments regarding objections, and neither party showed any interest in compromising or in resolving the dispute over the objections made during the deposition. While this may not function to the exact letter of the Local Rules regarding "meet and confer" and the certification of such an attempt when filing a motion to compel discovery, it certainly functioned in the spirit of the Rule. During the deposition, each party had the chance to discuss with counsel and persuade the other party to agree to its position. Neither party agreed to the other party's position. . . . [Plaintiff's] insistence that the parties needed to schedule a post-deposition conference prior to [Defendant's filing of the] instant [M]otion amounts to a procedural objection that would have accomplished nothing and wasted both parties' time and resources. It is clear from the deposition transcript — filed with the instant [M]otion — that the parties met, conferred, and were unable to reach an agreement as to the disputed deposition objections.

(Docket Entry 98 at 1-2 (internal citation omitted) (citing Docket Entry 94-4 at 28-30).)

<u>DISCUSSION</u>

Because the record does not support Defendant's position that counsel for the parties conducted the functional equivalent of the conference required by Local Rule 37.1(a) during the Rule 30(b)(6) deposition of Plaintiff, the Court should reject Defendant's argument that it complied with the "spirit" (<u>id.</u> at 2) – if not the "letter" (<u>id.</u> at 1) – of Local Rule 37.1(a). Further, the Court should decline Defendant's invitation to treat Plaintiff's invocation of Local Rule 37.1(a) as a pointless "procedural objection" (<u>id.</u> at 2) and the consultation obligation imposed by Local Rule 37.1(a) as a "waste[ of] both parties' time and resources" (<u>id.</u>), as inconsistent with sound principles of judicial economy and respect for the rule of law. Accordingly, the Court should deny the instant Motion pursuant to Local Rule 37.1(a).

Starting with Defendant's compliance-in-spirit argument, the transcript of the Rule 30(b)(6) deposition of Plaintiff reflects that, after (A) Defendant's counsel had asked Plaintiff's designee slightly more than 100 questions (<u>see</u> Docket Entry 94-4 at 5-28), five of which Plaintiff's counsel instructed Plaintiff's designee not to answer (<u>see</u> <u>id.</u> at 22 ("Q  Why did [Plaintiff] retain separate counsel from [its insured's] counsel?  [Plaintiff's counsel]:  . . . I'm going to advise you not to answer that question. . . .  Q  Okay.  Did [Plaintiff] have any authority or influence over the decision to settle the lawsuit?  [Plaintiff's

5

counsel]: . . . I'm going to advise you not to answer."), 27-28
("Q How did [Plaintiff] arrive at the number that it paid for its
share of the settlement? [Plaintiff's counsel]: . . . I'm going
to advise you not to answer. . . . Q Did [Plaintiff] believe that
[its insured] was liable for [the plaintiff's] injuries in the
underlying lawsuit? [Plaintiff's counsel]: . . . I'll advise you
not to answer. Q Did [Plaintiff] . . . believe that [Defendant]
was responsible for [those] injuries? [Plaintiff's counsel]:
. . . [S]ame instruction.")), and (immediately) after
(B) Plaintiff's designee had answered "Yes" to the questions "Is it
fair to say that you will not be answering any questions about how
the settlement value was reached on advise [sic] of your counsel?"
and "Is it fair [to say] you will not be offering any testimony
today about [Plaintiff's] belief as to liability in the underlying
action on advise [sic] of your counsel?" (id. at 28), this exchange
occurred between counsel for the parties:

> [Defendant's counsel]: At this time I'm going to
> terminate this deposition until we can file a motion to
> compel. I believe [Plaintiff's designee's] testimony is
> necessary to the prosecution of defense of this case. I
> do not believe it is appropriate to be withheld. . . .
> I don't want to waste several hours of [Plaintiff's
> designee's] time asking questions that [he has] been
> instructed not to answer. And I'm certainly not going to
> try to bully [him] or try to run over [him].
> [Plaintiff's] counsel's made it clear [Plaintiff's
> designee] will not be answering questions on those
> topics.
>
> [Defendant] reserve[s] the right to hold this deposition
> open and renew it at a further date pending any results
> from the Court . . . . I think [Plaintiff's counsel] and

6

I agree that a motion has been filed that will have direct bearing on this in the future. And we will reach a new deposition time and date as agreed between the parties if the Court so orders it.

[Plaintiff's counsel]: So, okay, I will just respond to that. And [I] appreciate that there is an issue that we already discussed. To a certain extent, it is true that I will continue to object on the same grounds; however, [Plaintiff's designee] is available here today, he's been made available after the close of discovery to discuss the underlying facts as they are understood by [Plaintiff] as to the subrogation claim, including as to its knowledge of the underlying lawsuit. So he is here available today to discuss with counsel, and answer and respond to those types of questions. As I understand it, though, [Defendant's] counsel would like to take to the Court the other issues that we've discussed previously. So if that is what counsel's choice is, that's the choice that they are making. But just to reiterate again, [Plaintiff's designee] is available here to talk about the facts of the underlying case and the subrogation claim. We just will not get into any information as to -- the last several questions have indicated [sic] into what we believe is pretty clearly work product, information protected by work product. So with that --

[Defendant's counsel]: Well, hold on. I'm happy to go through these topics and have you object on the record to each of them if you would like to?

[Plaintiff's counsel]: Well, I mean, that's perfectly fine. You can do whatever you want. I think I understand what your objections are. All I'm saying is that if you [would] like to question the witness as to the facts, he is available to do that. If you choose not to do that and want to address the other issues with the Court, then I guess that's what you're going to do.

[Defendant's counsel]: Well, we can continue. That's fine with me.

(Docket Entry 94-4 at 28-30; see also id. at 30-72 (documenting over 150 more questions by Defendant's counsel, nine of which met with instructions that Plaintiff's designee not answer).)

Contrary to Defendant's assertion, the above-quoted exchange does not show that "counsel for both parties stated their positions[ or] . . . made their arguments regarding objections" (Docket Entry 98 at 1 (citing Docket Entry 94-4 at 28-30)); rather, Defendant's counsel abruptly threatened "to terminate th[e] deposition" (Docket Entry 94-4 at 28), based on the vague rationale that unspecified "testimony [wa]s necessary to the prosecution of defense of this case" (id.), and then ambiguously declared that "[Plaintiff's] counsel's made it clear [Plaintiff's designee] will not be answering questions on those topics" (id. at 29 (emphasis added)), without elucidating the "topics" to which Defendant's counsel referred (see id.), before cryptically invoking Defendant's Motion to Compel Production of Documents (see id. (referring to Docket Entry 90)). Plaintiff's counsel thereafter acknowledged the existence of "an issue that [counsel for the parties] already discussed" (id.), but never described Plaintiff's "positions[ or] . . . made [any] arguments" (Docket Entry 98 at 1) regarding any such issue (see Docket Entry 94-4 at 29). At that point, Plaintiff's counsel alluded in jumbled fashion to "the last several questions" soliciting "what [Plaintiff] believe[d wa]s pretty clearly work product" (id. at 30), whereupon Defendant's counsel elected to proceed with the deposition (see id.).[3]

_____

3 Notably, the instant Motion seeks relief for events during the Rule 30(b)(6) deposition of Plaintiff beyond the objections/
(continued...)

Simply put, the interaction cited by Defendant's counsel as proof "that the parties met[ and] conferred . . . [about] the disputed deposition objections" (Docket Entry 98 at 2) does not come close to satisfying even the spirit (let alone the letter) of the Court's pre-filing requirement of "personal consultation and diligent attempts to resolve differences," M.D.N.C. LR 37.1(a). Indeed, the statement in Defendant's Reply that, in the course of the deposition, "neither party showed any interest in compromising or in resolving the dispute over the objections made during the deposition" (Docket Entry 98 at 1) only underscores the conclusion that nothing that occurred in the deposition even approached compliance with Local Rule 37.1(a). Phrased another way, the Court should not allow litigants to convert disinterest in compromise into a license to dispense with pre-filing consultation.

---

3(...continued)
instructions by Plaintiff's counsel concerning "work product," to which the above-quoted exchange awkwardly adverts (see, e.g., Docket Entry 94 at 2 ("[Plaintiff's] designated representative repeatedly lacked knowledge directly pertaining to a number of topics, despite [its] obligation to designate a deponent who was prepared to testify regarding those same topics.")), including events that occurred after the supposed mid-deposition, "meet-and-confer" (see, e.g., id. ("[Plaintiff's] counsel instructed [Plaintiff's] designated representative not to answer questions on the basis of attorney-client privilege even after [the] designated representative waived that privilege by providing responses that included communications with its attorney."); Docket Entry 95 at 15 (elaborating on that aspect of instant Motion and citing Docket Entry 94-4 at 34-35)). Defendant indisputably failed to fulfill its duties under Local Rule 37.1(a), as to such matters that counsel for the parties did not discuss and/or could not have discussed (because they had not yet happened), when the "meet-and-confer" purportedly took place in the midst of the deposition.

As one court explained in connection with its own parallel, pre-filing consultation local rule:

> Inherent in [the local r]ule[]'s language, and essential to the [local r]ule's proper operation, is the requirement that parties treat the informal negotiation process as a substitute for, and <u>not simply a formalistic prerequisite</u> to, judicial resolution of discovery disputes. To that end, the parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all of the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a <u>sincere effort to resolve the matter</u>.

<u>Nevada Power Co. v. Monsanto Co.</u>, 151 F.R.D. 118, 120 (D. Nev. 1993) (emphasis added) (internal citations and quotation marks omitted); <u>see also</u> <u>Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n</u>, 121 F.R.D. 284, 289 (N.D. Tex. 1988) ("The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought. Regrettably over the years, in many instances the conference requirement seems to have evolved into a *pro forma* matter." (italics in original)).[4]

---

[4] Consistent with the notion that the Court should expect a better endeavor at diffusing discovery disputes than Defendant's counsel made here, no less an authority than the Chief Justice of the United States has remarked that Rule 1 "charge[s] counsel to 'affirmatively search out cooperative solutions, chart a cost-effective course of litigation, and assume shared responsibility with opposing counsel to achieve just results.'" <u>Stultz v.</u>
(continued...)

Likewise, the Court should deny Defendant's attempt to slip the constraints imposed by Local Rule 37.1(a) by dismissing any obligation to participate in "a post-deposition conference prior to [filing the] instant [M]otion" (Docket Entry 98 at 2), as a mere "procedural objection that would have accomplished nothing and wasted both parties' time and resources" (id.). To begin, that myopic view ignores the fact that "[p]roperly utilized [pre-filing consultation rules] promote[] judicial economy while at the same time reducing litigants' expenses incurred for attorneys' time in briefing issues . . . ." Dondi Props., 121 F.R.D. at 290; see also Payne v. Britten, 749 F.3d 697, 706 (8th Cir. 2014) (Riley, C.J., concurring in part and dissenting in part) (inveighing against "implication that procedural rules . . . are not worth following whenever they might appear inexpedient"); Burton v. R.J. Reynolds Tobacco Co., 203 F.R.D. 624, 626-27 (D. Kan. 2001) ("Without citing any authority, [the plaintiff's counsel] argued that the circumstances of this case were unique and . . . any [pre-filing] conference among counsel would have been futile . . . . The court respectfully disagrees. . . . [T]he requirement that counsel confer about discovery disputes before filing such motions is

---

4(...continued)
Virginia, No. 7:13CV589, 2019 WL 4741315, at *1 (W.D. Va. Aug. 15, 2019) (unpublished) (quoting Chief Justice John Roberts, "2015 Year-End Report on the Federal Judiciary," https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf), adopted as modified, 2019 WL 4740241 (W.D. Va. Sept. 27, 2019) (unpublished).

mandatory . . . ."); <u>Nevada Power</u>, 151 F.R.D. at 120 ("The purpose of this [pre-filing consultation] rule is simple: to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes.").

The Court "must also insist on compliance with procedural rules . . . to promote [its] interest in the uniform administration of justice." <u>Anderson v. Hardman</u>, 241 F.3d 544, 545 (7th Cir. 2001). "Doing justice between litigants, after all, hinges as much on respect for the procedural rules governing the progress of the lawsuit as on affording parties liberal scope in making their arguments on the merits." <u>Coleman v. Frierson</u>, 607 F. Supp. 1566, 1575 (N.D. Ill. 1985); <u>see also</u> <u>Atkins v. Hooper</u>, 979 F.3d 1035, 1052 (5th Cir. 2020) (Costa, J., dissenting in part) ("[F]air treatment depends on the neutral application of procedural rules. That evenhandedness is part of what is meant by the 'rule of law' or 'equal justice under law,' ideals that are guiding lights of our justice system."). With that imperative in mind, the Court should deny the instant Motion, because Defendant's failure to adhere to Local Rule 37.1(a), which "ha[s] the force of law," <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 191 (2010) (internal quotation marks omitted), "evidences a lack of respect for the Court and the judicial process," <u>Davis v. Wilkie</u>, No. 15CV1521, 2019 WL 1596134, at *12 (D. Colo. Apr. 15, 2019) (unpublished); <u>see also</u> <u>Collins v.</u>

<u>Citty</u>, No. CIV-09-756, 2011 WL 13285137, at *2 (W.D. Okla. Aug. 30, 2011) (unpublished) ("[F]ailure to abide by, and comply with, [local] rules demonstrates a lack of respect for the judicial process and hampers this [c]ourt's ability to exercise its case-administration authority." (internal footnote omitted)).

CONCLUSION

The plain language of Local Rule 37.1(a) and "[t]he state of the record clearly preclude[] the [C]ourt from even considering whether to grant [Defendant the instant Motion's requested] relief," <u>Burton</u>, 203 F.R.D. at 626-27.[5]

---

5 Plaintiff and its California-based counsel, Rohit A. Sabnis of Burnham Brown, PLLC, should not misconstrue this proposed determination as an endorsement of their handling of Plaintiff's Rule 30(b)(6) deposition. Three points merit mention in that regard. First, Plaintiff possessed an obligation, "[b]efore or promptly after the [deposition] notice . . . [wa]s served, . . . [to] confer in good faith about the matters for examination," Fed. R. Civ. P. 30(b)(6); waiting until the eve of the deposition to serve Defendant with (boilerplate) objections to deposition topics (<u>see</u> Docket Entry 94-3) appears inconsistent with that duty of good-faith conferral. Further, as Defendant has observed, the deposition transcript confirms that Mr. Sabnis routinely lodged "objections [that] directly violated [this] Local Rule[:] . . . 'Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct, stating the basis of the objection and nothing more.'" (Docket Entry 95 at 5 n.4 (quoting M.D.N.C. LR 30.1(2))). (<u>See, e.g.</u>, Docket Entry 94-4 at 13 ("MR. SABNIS: Vague and ambiguous. . . . <u>[A]nswer to the extent you understand</u>. THE WITNESS: <u>I don't understand</u>." (emphasis added)), 14 ("MR. SABNIS: . . . <u>To the extent that you know</u>. THE WITNESS: <u>To the extent that I know</u> . . . ." (emphasis added)), 25 ("MR. SABNIS: . . . <u>[O]nly if you know</u>. THE WITNESS: <u>I don't know</u>." (emphasis added)), 31 ("MR. SABNIS: <u>To the extent you can understand</u>. And if you need clarification from counsel, please feel free to ask. THE WITNESS: Yeah. <u>To my understanding</u> . . . ." (emphasis
(continued...)

13

**IT IS THEREFORE RECOMMENDED** that (A) the instant Motion (Docket Entry 94) be denied, and (B) Defendant and its counsel be made to show cause why they should not "pay [Plaintiff] its reasonable expenses incurred in opposing the [instant M]otion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(B).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 19, 2021

---

5(...continued)
added)), 48 ("MR. SABNIS:  . . . <u>[A]nswer to the extent that you know</u> . . . . THE WITNESS: <u>To the extent that I know</u> . . . ." (emphasis added)), 49 ("MR. SABNIS:  . . . <u>[A]nswer to the extent that you have information on the pleadings and reports</u> . . . . THE WITNESS: <u>To the extent that I was made aware of the pleadings and answers</u> . . . ." (emphasis added)), 54 ("MR. SABNIS: <u>Based on the facts</u>. THE WITNESS: <u>Based on the facts</u> . . . ." (emphasis added)).)  Misconduct of that sort could result in the revocation of Mr. Sabnis's authorization to appear specially in this Court. <u>See generally</u> <u>Bills v. United States</u>, 11 F. App'x 342, 343 (4th Cir. 2001) (describing special appearance by out-of-state counsel as "a privilege" and "'a matter of grace resting in the sound discretion of the presiding judge'" (quoting <u>Thomas v. Cassidy</u>, 249 F.2d 91, 92 (4th Cir. 1957))). Finally, the refusal of Plaintiff's designee to answer certain questions ultimately may not stand, if – in adjudicating Defendant's Motion to Compel Production of Documents – the Court overrules Plaintiff's objections to document requests which mirror its deposition objections.  In that event, the Court likely would authorize another Rule 30(b)(6) deposition at which (A) Defendant could use documents subject to compelled production, and (B) Plaintiff could not maintain objections overruled by the order that compelled production.  <u>See generally</u> Fed. R. Civ. P. 30(a)(2)(A)(ii) (recognizing authority of "court[s to] grant leave to . . . [depose a] deponent [who] has already been deposed in the case").  Given that possibility, the parties (and their counsel) should (strongly) consider conducting a (legitimate) good-faith conference about their overarching work-product doctrine/attorney-client privilege dispute(s) for the purpose of genuinely pursuing a mutually acceptable, carefully calibrated compromise, rather than just hoping the (at best) rough justice the Court otherwise would administer will better suit their side.